BELAVAL ET AL. v. THE FAJARDO SUGAR GROWERS' ASSOCIATION.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No 641.—Resuelto en marzo 15, 1911.

ALEGACIONES—EXCEPCION PREVIA—CAUSA DE ACCIÓN—CONTRATO DE ARRENDAMIENTO.—En la demanda de este caso se alegó substancialmente, que los demandantes son dueños de determinada finca, la cual está usando y disfrutando la corporación demandada sin contrato ni consentimiento de la parte demandante, y que ésta requirió a la parte demandada para que, a partir de cierta fecha, no continuara detentando dicha finca, apercibiéndola de que, *si desde la expresada fecha, continuaba dicha demandada disfrutando la finca en cuestión, quedaría obligada a pagar por el uso de la misma, el canon anual de diez mil dollars, por adelantado;* y como la demandada se ha negado a cumplir ese requerimiento, solicitan los demandantes se condene a la corporación demandada al pago de dicha cantidad. *Se resolvió:*

(a) Que los hechos expuestos no determinan la existencia de un contrato expreso por el que la corporación demandada se hubiera comprometido a pagar a los demandantes la suma reclamada como canon anual anticipado por el uso y disfrute de la finca en cuestión;

(*b*) Que tampoco envuelven esos hechos la existencia de un convenio tácito, pues el requerimiento y apercibimiento hechos a la demandada, y la continuación de ésta en el uso y disfrute de la finca, no son actos inductivos de que la demandada aceptara la condición impuesta por los demandantes de pagar por adelantado el canon anual que se le señalaba;

(*c*) Que un requerimiento semejante no puede tener más efectos legales que el de dar conocimiento al requerido del propósito y voluntad del requirente, pero nunca puede interpretarse en el sentido de que aquél esté conforme con tales voluntad y propósito;

(*d*) Que aunque los demandantes, como dueños de la finca en cuestión, pueden fijar al uso y disfrute de ella, el precio que estimen conveniente, por muy excesivo que sea, mientras éste no sea aceptado expresa o tácitamente por la persona a quien se exige, no puede demandarse su pago;

(*e*) Que no apareciendo de la demanda la existencia de un convenio expreso o tácito, no hay causa de acción para reclamar el pago del canon anual fijado por los demandantes, aunque acaso puedan éstos, según los hechos alegados, exigir a la demandada que desocupe la finca y les pague una cantidad razonable por uso y disfrute;

(*f*) Que en este caso no hay contrato de arrendamiento que pueda dar origen a la acción ejercitada, pues ese contrato existe cuando una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto, y de la demanda no aparece que ambas partes hayan convenido tiempo y precio por el uso y disfrute de la referida finca, faltando, por consiguiente, los elementos esenciales de tal contrato.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Eduardo Acuña, Manuel F. Rossy y Horacio S. Belaval.*

Abogado del apelado: *Sr. Luis Muñoz Morales.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., José S. Belaval y Prisco Vizcarrondo presentaron en 14 de julio del año próximo pasado contra The Fajardo Sugar Growers' Association demanda sobre cobro de pesos, que copiada a la letra dice así:

"Los demandantes arriba mencionados, por medio de sus abogados Eduardo Acuña Aybar y H. S. Belaval, establecen demanda en cobro de pesos contra la Fajardo Sugar Growers' Association, residente en el pueblo de Fajardo donde tiene su oficina, y alegan:

"Primero. Que los demandantes Don José S. Belaval y Don Prisco Vizcarrondo están casados, el primero con Doña Concepción Veve y Díaz, y el segundo con Doña Josefina Veve y Díaz, siendo los respec-

tivos domicilios de aquél esta ciudad, y de éste el pueblo de Fajardo, y ambos mayores de edad.

"Segundo. Que The Fajardo Sugar Growers' Association es una compañía por acciones (*joint stock company*) constituída con arreglo a las leyes del Estado de New York, y teniendo como su administrador general interino a Mr. D. W. C. Noyes.

"Tercero. Que a Doña Concepción y Doña Josefina Veve y Díaz, esposa, respectivamente, de los demandantes Belaval y Vizcarrondo, pertenece la siguiente finca:

"Hacienda denominada 'Aurora,' compuesta de ochocientas cincuenta y cuatro cuerdas de terreno, de las cuales ciento cuarenta y dos forman un trozo separado que se llama 'Higuerito,' radicada en los barrios de Quebrada Seca y Guayacán del término municipal de Fajardo, antes municipio de Ceiba; y en lindes por el Norte, con la hacienda Concepción y la carretera que conduce a Fajardo, por el Sur con la hacienda Oriente, Plácido Pérez, José Donato, Carmen Ortiz y otros; por el Este, hacienda Concepción y Trinidad Quiñones, y por el Oeste, con la hacienda Oriente, William L. Noble y Pablo Sandoz.

"Cuarto. The Fajardo Sugar Growers' Association está usando y disfrutando de la descrita finca sin que sus dueñas Doña Concepción y Doña Josefina Veve y Díaz hayan celebrado ni consentido contrato alguno con aquélla que la autorice a tal uso y disfrute.

"Quinto. Las señoras propietarias de la hacienda 'Aurora' en carta certificada de veinte y seis de junio último, han requerido a la demandada para que no continuase detentando aquella finca desde treinta de junio próximo pasado, día en que se considera terminada la cosecha del año anterior, apercibiéndola de que si desde el día primero de julio corriente continuase dicha demandada disfrutando de la finca en cuestión, quedaría obligada a pagar como precio por el uso de la misma durante el año agrícola que empieza en esa fecha la cantidad de diez mil dollars ($10,000) a ambas dueñas, cuyo pago debería hacer aquélla por adelantado.

"Sexto. The Fajardo Sugar Growers' Association se ha negado a cumplir ese requerimiento y ha continuado y continúa usando y disfrutando de la finca "Aurora," sin haber pagado el precio establecido y exigido por las propietarias o sean los diez mil dollars ($10,000) adelantados por el año corriente, de uno del actual a treinta de junio de mil novecientos once.

"Por tanto, suplicamos a la corte que, previos los trámites legales, se sirva declarar con lugar esta demanda, y en su día dictar sen-

tencia a favor de los demandantes y en contra de la demandada, condenando a ésta al pago de la expresada suma de diez mil dollars ($10,000) con las costas de este juicio, incluyendo los honorarios de los abogados. Firmado. Eduardo Acuña. H. S. Belaval. Abogados de los demandantes.''

La corporación demandada opuso a dicha demanda como excepción previa la consignada en el número 6°. del artículo 105 del Código de Enjuiciamiento Civil, o sea la de que ella no aduce hechos suficientes para determinar una causa de acción, y concluyó con la súplica de que se declarase con lugar la excepción, y en su consecuencia se desestimara la demanda con las costas a la parte demandante.

La corte después de oídas las alegaciones así escritas como orales de ambas partes, dictó sentencia en 1°. de noviembre del año próximo pasado, declarando que la ley está en favor de la excepción previa aducida contra la demanda, y desestimando ésta con cargo a los demandantes, de los gastos y costas que se justifiquen, contra cuya sentencia que fué registrada al día siguiente de su pronunciamiento, interpuso la representación de los demandantes recurso de apelación para ante esta Corte Suprema, pendiente hoy de nuestra decisión, después de haber alegado ambas partes por escrito y oralmente cuanto han estimado conducente en apoyo de sus respectivas pretensiones.

Hemos insertado textualmente la demanda, y su simple lectura muestra *prima facie* que los hechos en ella consignados, los que deben aceptarse como base de discusión para considerar y resolver el problema jurídico planteado, no son suficientes para fundamentar una sentencia, por la que se condene a la corporación demandada a pagar a los demandantes la suma de diez mil dollars reclamada en la demanda.

De la demanda, tal cual está redactada, no resulta que la parte demandada haya contraído la obligación de pagar la cantidad reclamada, y por tanto, no puede exigirse su cumplimiento.

No se alega convenio expreso en virtud del cual la compañía demandada se haya comprometido a pagar a las dueñas

de la hacienda "Aurora" la suma de diez mil dollars, como canon anual anticipado por el uso y disfrute de dicha hacienda desde el día 1º. de julio de 1910 al 30 de junio de 1911. Tampoco aparece que dicho convenio haya sido tácito, pues el requerimiento hecho a la corporación demandada para que se abstuviera de continuar detentando la finca desde el 30 de junio, 1910, bajo el apercibimiento de que, si continuaba disfrutando de la misma, quedaría obligado a pagar como precio, durante el año agrícola que en esa fecha comenzaba, la cantidad de diez mil dollars por adelantado; y la continuación por parte de los demandados en dichos uso y disfrute no son actos inductivos de que la parte demandada aceptara la condición impuesta por los demandantes de pagar por adelantado el canon anual que se les señalaba.

Un requerimiento como el de que se trata no puede surtir más efectos legales que los propios del mismo requerimiento, o sea el de tener conocimiento el requerido del propósito y voluntad del requirente; pero nunca demostrará que el requerido está conforme con tales voluntad y propósito. No alegándose en la demanda consentimiento expreso o tácito por parte de la corporación demandada, de pagar la cantidad que se le reclama por el uso y disfrute de la hacienda "Aurora" durante el año agrícola indicado en la demanda, falta el elemento esencial a toda obligación, y por tanto, ésta no puede existir ni puede ser exigible su cumplimiento.

Alega la parte apelante que su acción arranca del derecho de propiedad definido por el artículo 354 del Código Civil, pues si en virtud de ese artículo las señoras de Belaval y Vizcarrondo, como dueñas de la hacienda "Aurora," pueden excluir del uso y disfrute de ella a toda persona, y tienen acción contra cualquier tenedor o poseedor de la misma para lanzarlo de ella y reivindicarla, también han de tener acción, en virtud de ese mismo dominio, para fijar el precio del uso y disfrute de la finca y compeler ante los tribunales a que se pague ese precio u otro razonable, a juicio del juez, por aquel que disfruta la finca.

Admitimos que las señoras demandantes, como dueñas de la hacienda "Aurora," pueden fijar al uso y disfrute de ella el precio que estimen conveniente, por muy excesivo que sea ese precio; pero mientras éste no sea aceptado expresa o tácitamente por la persona a quien se exige, no puede demandarse su pago. Ese es el caso de autos. Las demandantes dueñas de la hacienda "Aurora" fijaron en diez mil dollars, pagaderos por adelantado, el precio del uso y disfrute de la hacienda "Aurora" a la corporación demandada; pero como de la demanda no aparece que dicha corporación expresa o tácitamente aceptara la proposición de dichas señoras, falta base, y no hay términos hábiles para reclamar un precio que no ha sido convenido.

Acaso puedan los dueños de la hacienda "Aurora," según los hechos alegados en la demanda, exigir a la corporación demandada que desocupe la finca y les pague una cantidad razonable por el uso y disfrute de ella durante el tiempo que la hayan detentado; pero no pueden bajo esos mismos hechos exigirle en concepto de precio anticipado por dichos uso y disfrute una cantidad determinada, que ni expresa ni tácitamente ha sido convenida y aceptada.

En el presente caso no ha habido contrato de arrendamiento de que pueda derivarse la acción ejercitada, según sostuvo en el acto de la vista el abogado de la parte apelante, pues ese contrato existe cuando una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto, según el artículo 1446 del Código Civil, estando obligado el arrendatario, según el número 1°. del artículo 1458, a pagar el precio del arrendamiento en los términos convenidos, y de la demanda no aparece que fueran convenidas por ambas partes tiempo y precio para el uso y disfrute de la hacienda "Aurora," faltando, por consiguiente, los elementos integrantes de dicho contrato.

Ya hemos dicho y repetido que el requerimiento hecho a la sociedad demandada no implica por parte de ésta la acepta-

ción de las condiciones exigidas por las demandantes para el uso y disfrute de la cosa.

Por las razones expuestas, opinamos que procede la confirmación de la sentencia apelada, sin perjuicio de otras acciones y derechos que puedan asistir a las partes demandantes.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Asociados Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.